UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| THOMAS ALEXANDER PORTER | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12CV550-JRS |
| | ) | |
| EDDIE L. PEARSON, | ) | |
| Warden, Sussex I State Prison | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM ORDER**

THIS MATTER is before the Court on a Motion for Extension to Time to File First Petition (ECF No. 12) and a Motion for Extension of Page Limitations (ECF No. 14) filed by Petitioner, Thomas Alexander Porter. Mr. Porter seeks an extension of the filing deadline for his initial petition for writ of habeas corpus until February 19, 2013, or alternatively, an extension of an additional sixty (60) days. Further, Mr. Porter asks the court to remove the page limitation on his initial petition for writ of habeas corpus, or alternatively, to extend the page limitation to 125 pages in length.

On July 30, 2012, this Court entered an Order staying Mr. Porter's execution for ninety (90) days pursuant to 28 U.S.C. § 2251(a)(3). (ECF No. 7.) Section 2251(a)(3) provides that, in the absence of a petition for a writ of habeas corpus, "such stay shall terminate not later than 90 days after counsel is appointed. . . ." The Court ordered Mr. Porter to file his habeas petition no later than seventy (70) days from July 30, 2012.

(ECF No. 8.) In addition, the Court directed that Mr. Porter's federal habeas petition is not to exceed eighty (80) pages in length, exclusive of attachments. *Id.*

In support of his motion for an extension of the deadline to file his initial habeas petition, Mr. Porter cites the complexity and substantial record of the case, the challenge of identifying and developing potential additional cognizable claims,[1] and competing professional obligations of his counsel. The "right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *McFarland v. Scott*, 512 U.S. 849, 858 (1994). However, this Court has declined to extend the deadline for filing an initial habeas petition when the petitioner "appears to seek to prolong the briefing schedule because of the everyday standards of busy life." *Juniper v. Kelly*, No. 3:11-CV-746-JAG (E.D. Va. Jan. 17, 2012) (order denying motion to extend filing deadline.) Based on the circumstances presented in Petitioner's Motion, the Court finds that the briefing schedule previously established is adequate for Petitioner to prepare his initial habeas petition. It also serves the Court's need for prompt and efficient administration of justice. Petitioner's Motion for Extension of Time to File Habeas Petition is hereby DENIED without prejudice.

---

[1] Notably, counsel for Mr. Porter, Mr. Robert Lee, Esq., also represented Mr. Porter in Mr. Porter's state habeas corpus review, and argues that he thus has a conflict of interest which prevents him from presenting a claim of his own ineffectiveness in light of *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012) ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a petitioner's procedural default of a claim of ineffective assistance at trial.") Mr. Lee presented this same argument in *Juniper v. Pearson*, No. 3:11-CV-00746, 2012 U.S. Dist. LEXIS 64542, at *4 (E.D. Va. May 2, 2012), which the Court rejected after "perceiv[ing] no conflict between Mr. Lee's role as state habeas counsel and his present task of identifying potential *Martinez* claims."

In support of his motion to extend the page limit of his habeas petition, Mr. Porter asserts that the current page limit is insufficient to adequately present his federal habeas claims. However, the Court rejected a similar argument in *Lovitt v. True*, 330 F. Supp. 3d 603, 646 (E.D. Va. 2004) where it found that a fifty (50) page limit on petitioner's habeas petition did not limit the number of issues that petitioner could raise in his petition, but "[r]ather, it limited the manner in which they were to be presented." Similarly, the Court finds in the instant case that an eighty (80) page limit on the length of Petitioner's initial habeas petition will not undermine Petitioner's ability to adequately present any cognizable federal habeas claims. In the event that further development of these issues is necessary, the Court will request supplemental briefing from the parties. Petitioner's Motion for Extension of Page Limitations is hereby DENIED without prejudice.

Let the Clerk file this Memorandum Order electronically, notifying all counsel accordingly.

It is so ORDERED.

Dated: Sept. 24 2012
Richmond, Virginia

/s/
Henry E. Hudson
United States District Judge

3