IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**THOMAS ALEXANDER PORTER,**

      Petitioner,

v.                              Civil Action No. **3:12CV550**

**DAVID ZOOK,**

      Respondent.

### MEMORANDUM OPINION

Thomas Alexander Porter filed this petition for habeas corpus under 28 U.S.C. § 2254 challenging his capital murder conviction and death sentence for the 2005 shooting death of a Norfolk police officer.[1] The matter is before the Court on Porter's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 100). For the reasons set forth below, the Rule 59(e) Motion will be DENIED.

### I. Standard for Relief Under Rule 59(e)

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

---

[1] The Court has amended the caption to reflect Porter's current custodian.

Porter contends that he is entitled to Rule 59(e) relief because the Court committed a clear error of law.  Porter is wrong.

## II. Procedural History

By Memorandum Opinion and Order entered on August 21, 2014, the Court granted Respondent's Motion to Dismiss the § 2254 Petition. *See Porter v. Davis*, No. 3:12–CV–550–JRS, 2014 WL 4182677, at *1 (E.D. Va. Aug. 21, 2014).  Porter appealed.  On October 20, 2015, the United States Court of Appeals for the Fourth Circuit dismissed Porter's appeal and remanded the matter back to this Court. *See Porter v. Zook*, 803 F.3d 694, 695 (4th Cir. 2015). The Fourth Circuit observed that, "[a]mong the multiple claims Porter presented to the district court was one alleging that a juror[2] in his case was 'actually biased,' in violation of his right to trial by an impartial jury." *Id.* (citing *Smith v. Phillips*, 455 U.S. 209, 215 (1982)).  The Fourth Circuit noted that, "[b]ecause the district court did not resolve [the actual bias] claim, its decision was not a final order over which we have jurisdiction" and remanded the matter to this Court. *Id.*

During the voir dire at Porter's trial, venire persons were asked:  "[I]s anyone here, or a member of your close personal family, worked in law enforcement in any capacity as a volunteer or an employee?" *Porter v. Zook*, No. 3:12CV550, 2016 WL 1688765, at *2 (E.D. Va. Apr. 25, 2016) (alteration in original) (citation omitted).  Juror Treakle readily volunteered that his "nephew is an Arlington County police officer." *Id.* (citation omitted).  Porter's actual bias claim is based upon his discovery on state habeas that Juror Treakle also had a brother, Pernell Treakle, who was employed as a "Deputy Sheriff with the Chesapeake Sheriff's Office in Chesapeake, Virginia and had been employed in that position" at the time of Porter's trial. *Id.* at *4 (citation omitted).  Specifically, after his conviction and direct appeal, Maryl Sattler and Dawn Davidson, members of Porter's state habeas team, interviewed Juror Treakle. *Id.*  During the state habeas

---

[2] The juror's name is Bruce Treakle.

proceeding, Porter submitted an affidavit from Sattler memorializing the conversation with Juror

Treakle. *Id.* The Sattler Affidavit stated in pertinent part:

> Ms. Davison asked Mr. Treakle which of the witnesses made the greatest
> impression on him during the trial. Without hesitation, Mr. Treakle replied that
> he found the officer's wife (Treva Reaves) to be a very powerful witness. He
> indicated that he found her testimony moving and very emotional for him because
> his brother is a sheriff's officer in Norfolk.[3]  We were very surprised by this
> statement because we had read his voir dire prior to the interview and Mr. Treakle
> had never said anything about this brother. When Ms. Davison asked for
> clarification, Mr. Treakle repeated that this brother works for the sheriff's
> department "down in Norfolk." Mr. Treakle said sitting through Mrs. Reaves's
> testimony had been difficult for him.   He expressed sympathy for law
> enforcement officers, and emphasized that they put their lives on the line every
> day for the community.

*Id.* On state habeas, the Supreme Court of Virginia rejected Porter's actual bias claim because it

found that "*petitioner has provided no admissible evidence that Juror T was biased against*

*petitioner as a result of his brother's employment.*" *Id.* at \*6 (quoting *Porter v. Warden of*

*Sussex I State Prison*, 722 S.E.2d 534, 549 (Va. 2012).

On federal habeas, after the remand from the Fourth Circuit, this Court observed that

"[i]n finding that Porter provided no admissible evidence of bias, the Supreme Court of Virginia

apparently relied upon 'the general rule that the testimony of jurors should not be received to

impeach their verdict, especially on the ground of their own misconduct.'" *Id.* (quoting

*Caterpillar Tractor Co. v. Hulvey*, 353 S.E.2d 747, 750–51 (Va. 1987)).[4]  In his Rule 59(e)

Motion, Porter argues that this "conclusion is contrary to the state court record, extends

*Caterpillar* to a situation it does not govern, and ignores the well-established exception to the

---

[3] As reflected above, Bruce Treakle's brother, Pernell Treakle, actually worked for the
Sheriff's Office in Chesapeake, Virginia.  It is not clear from the record whether Bruce Treakle
simply misspoke or whether he simply did not know the exact identity of his brother's employer.

[4] The Court recognizes that Porter provided admissible evidence regarding Pernell
Treakle's employment as a Sheriff's Deputy.  That fact alone fails to establish the actual bias of
Bruce Treakle.

3

rule against jurors impeaching their own verdict." (Rule 59(e) Mot. 3.) As explained below, Porter is wrong on all counts and fails to demonstrate any error in the Court's dismissal of Porter's actual bias claim.

### III. Analysis

Porter insists that the Supreme Court of Virginia's conclusion that Porter had not provided admissible evidence of actual bias must have been based upon an erroneous interpretation of Virginia's hearsay rules, rather than a rule precluding the use of juror testimony to impeach a verdict. (Rule 59(e) Mot. 4–6.) To support this argument Porter points to the fact that, on state habeas, the Warden moved to strike the Sattler Affidavit and other affidavits on hearsay grounds. (Rule 59(e) Mot. 4 (citations omitted).) Such an argument might be persuasive if the Supreme Court of Virginia had granted the Motion to Strike, but it did not. *See Porter v. Warden of Sussex I State Prison*, 722 S.E.2d 534, 550 (Va. 2012). Moreover, the Supreme Court of Virginia's statement that it would "apply the appropriate evidentiary rules," *id.*, to the affidavits tendered by Porter supports the conclusion that its rejection of the Sattler Affidavit was based on the well-established rule that, absent a limited exception for extrinsic influences,[5] the testimony of jurors should not be received to impeach their verdict. *Kasi v. Commonwealth*, 508 S.E.2d 57, 67 (Va. 1998) ("Virginia has been more careful than most states to protect the inviolability and secrecy of jury deliberations, adhering to the general rule that the testimony of

---

[5] Virginia adheres to the distinction between extrinsic and intrinsic influences on jurors in accepting juror testimony. *See Porter v. Zook*, No. 3:12CV550, 2016 WL 1688765, at *8–10 (E.D. Va. Apr. 25, 2016) (discussing the difference between extrinsic and intrinsic influences). Virginia has generally "limited findings of prejudicial juror misconduct to activities of jurors that occur outside the jury room. . . . In most cases, misconduct outside the jury room has prejudicially affected the jury's deliberation of the case by injecting facts connected with the case which had not been admitted in evidence." *Caterpillar Tractor Co. v. Hulvey*, 353 S.E.2d 747, 751 (Va. 1987). As explained in the April 26, 2016 Memorandum Opinion, Porter's actual bias claim involves an intrinsic influence. *See Porter*, 2016 WL 1688765, at *8–10.

4

jurors should not be received to impeach their verdict, especially on the ground of their own misconduct." (citing *Jenkins v. Commonwealth*, 423 S.E.2d 360, 370 (Va. 1992))); *see Caterpillar Tractor Co.*, 353 S.E.2d at 751 (addressing the admissibility of juror testimony even though defendant failed to make a contemporaneous objection, the issue was only "mentioned in defendant's appellate briefs" and the issue was not the focus of defendant's "main argument" on appeal).

Additionally, Porter has yet to demonstrate that the relevant portion of the Sattler Affidavit is admissible under either Virginia or federal law for the purpose of establishing actual bias. With respect to Virginia law, Porter fails to direct the Court to any instance where the Supreme Court of Virginia permitted the introduction of similar evidence to impeach a juror verdict. More to point, the Supreme Court of Virginia concluded that the Sattler Affidavit was not admissible. That conclusion ends the matter as far as admissibility under Virginia law because "[i]t is beyond the mandate of federal habeas courts . . . to correct the interpretation by state courts of a state's own laws." *Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) (citing *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008)).

Moreover, Porter has not bothered to address, much less demonstrate error in, the Court's conclusion that the relevant portion of the Sattler's Affidavit was inadmissible under Federal Rule of Evidence 606(b).[6] *See Porter*, 2016 WL 1688765, at *10–13. Additionally, Porter fails to address or demonstrate error in the Court's conclusion that he ultimately failed to demonstrate actual bias on the part of Juror Treakle. *Id.* at *13 ("[E]ven if the Court could consider Bruce Treakle's post-verdict mental impression of the trial evidence and decide the matter under a *de*

---

[6] Rule 606(b)(1) provides, in pertinent part: "During an inquiry into the validity of a verdict . . . a juror may not testify about . . . the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters." Fed. R. Evid. 606(b)(1).

*novo* standard of review, no relief is warranted because Treakle's innocuous statements do not indicate that he was biased." (citing *Bacon v. Lee*, 225 F.3d 470, 485 (4th Cir. 2000))). Given these numerous shortcomings, Porter's Rule 59(e) Motion (ECF No. 100) will be DENIED. The Court will DENY a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 9-22-16
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge